**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1093
_____

PETER SAUERS,
                              Appellant

v.

LOWER SOUTHAMPTON TOWNSHIP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-16-cv-02325)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2017
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: January 9, 2018)
_____

OPINION*
_____

PER CURIAM

        Peter Sauers, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his Amended Complaint against

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Lower Southampton Township. For the reasons that follow, we will affirm the judgment of the District Court.

Sauers' Amended Complaint is difficult to understand and does not contain clear factual allegations. He appears to challenge a zoning ordinance and avers that he "will suffer a severe diminution in value and quiet enjoyment of [his] home should the subject rezoning/spot zoning result in the proposed subject development with the use of [his] small residential street." Am. Compl. at 20-21. He also alleges that a public hearing was not held in connection with the property at issue. Sauers asserts violations of rights to due process and equal protection and claims under state law.

The Township moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. After a hearing, the District Court ruled that it had subject matter jurisdiction, but held that Sauers had failed to state a claim for relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In re Asbestos Prod. Liab. Litig., 822 F.3d 125, 131 (3d Cir. 2016). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

---

constitute binding precedent.

2

Sauers argues on appeal that the District Court erred in dismissing his due process claims. The District Court ruled that Sauers did not state a cognizable procedural due process claim because, among other things, public records provided by the Township established that it gave notice of its proposed zoning ordinance in a local newspaper and held public hearings. Sauers asserts that the District Court erred in addressing whether the Township gave notice of the zoning ordinance because he had claimed that his rights were violated by the Township's later decision to grant zoning variances to property owners without public notice.

As the Township asserts, Sauers' Amended Complaint does not mention zoning variances. It is at best unclear whether the Amended Complaint challenges an action by the Township regarding the zoning of the property or its use. Sauers relies on a discussion at the hearing on the motion to dismiss where the Township's counsel explained several decisions that had been made related to the property at issue. The hearing transcript, however, also reflects that Sauers took issue with the property's zoning classification. To the extent Sauers sought to challenge the issuance of a variance, his Amended Complaint does not contain sufficient factual matter to state a claim, he had already been given an opportunity to amend his complaint, and his District Court filings reflect that allowing further amendment would have been futile. See Phillips v. County

of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (affording leave to amend is not required where amendment would be futile).[1]

Sauers also challenges the District Court's decision that he did not state an equal protection claim because he did not allege any facts that could support a finding that the Township "'irrationally distinguished between similarly situated classes.'" See County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 171 (3d Cir. 2006) (citation omitted) (stating inquiry applicable to equal protection challenge to zoning ordinance). Sauers states that he alleged that the Township treated similarly-situated properties differently when it granted a variance to build a driveway on the property at issue and no such permission was granted to any other property on the street. Contrary to Sauers' argument, he did not allege these facts in his Amended Complaint. He has not shown that the District Court erred in dismissing this claim. See id.[2]

Sauers also argues that the District Court erred in dismissing his civil rights claim. He appears to refer to the dismissal of Count IV of his Amended Complaint. The District Court liberally construed this claim as a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983, but found that he failed to state a claim for relief. Sauers does not

---

[1]To the extent Sauers seeks to appeal the District Court's ruling that he failed to state a substantive due process claim, Sauers does not present any argument on this ruling and we do not consider it. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[2]The District Court ruled that, because Sauers' federal due process and equal protection claims fail, his same claims under the Pennsylvania Constitution fail. Sauers agrees that his protections under the Pennsylvania Constitution in this regard are coextensive with those under the United States Constitution.

4

contend that he states a retaliation claim but argues that his § 1983 action should not be dismissed because he has alleged that his rights under the Fifth and Fourteenth Amendments have been abridged. Sauers has not shown that the District Court erred in dismissing Count IV. His Fourteenth Amendment claims were brought in other counts and, as discussed below, the District Court considered his Fifth Amendment Takings Clause claim separately.

Finally, Sauers argues that the District Court erred in dismissing his Takings Clause claim. The District Court ruled that, to the extent Sauers was attempting to bring such a claim, he had not pled facts in support. The District Court noted that Sauers had not alleged that the Township took any action with regard to his property and that, even if he could make out a plausible claim, he had not shown that he had exhausted state law procedures for seeking compensation. Sauers contends on appeal that the Township's rezoning of neighboring property and authorization of development lowered the value of his property and constitutes a "taking," and that his property's value was lowered without the payment of just compensation. Sauers has not shown that his Amended Complaint, which makes only a passing reference to a takings claim and contains few factual allegations, states a claim for relief. As noted above, Sauers' District Court filings reflect that allowing further amendment would have been futile.

Accordingly, we will affirm the judgment of the District Court.

5